1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
7

| KELLI GRAY and all others similarly situated, | |
|---|---|
| Plaintiffs, | NO. CV-09-251-EFS |
| v. | NO. CV-10-5132-EFS |
| SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER, | **ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE** |
| Defendants. | |
| EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH, and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ENCORE CAPITOL GROUP INC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, P.S.; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER, wife and husband; WILLIAM SUTTELL and JANE DOE SUTTELL, husband and wife, | |
| Defendants. | |

    Before the Court, without oral argument, is Plaintiff Kelli Gray's
Motion to Consolidate (ECF No. 143).  Ms. Gray requests that the Court
ORDER * 1

consolidate this case ("*Gray*") with *Lauber et. al v. Encore Capitol Group, Inc., et. al*, Case No. CV-10-5132-EFS ("*Lauber*").[1] Defendants Midland Funding, LLC ("Midland Funding") and Suttell & Associates, Mark T. Case and Jane Doe Case, Karen Hammer and John Doe Hammer (collectively, "Suttell") oppose the motion. After reviewing the submitted materials and relevant authority, the Court was fully informed and grants the motion to consolidate.

## I. BACKGROUND

Ms. Gray ordered an item from Spiegel Brands, Inc. ("Spiegel") mail-order catalogue and did not pay. On December 4, 2007, Midland Funding, a debt-buying business, purchased Ms. Gray's defaulted Spiegel account. Midland assigned the account to its servicer, Midland Credit Management Inc. ("MCMI"), which determines whether certain accounts are "eligible" or "not eligible" for collection, then turned the account over to a collection agency to collect the debt. Defendants Mark T. Case and Karen Hammer, attorneys for Defendant Suttell & Associates, filed a lawsuit against Plaintiff in Spokane County Superior Court under the name *Midland Funding LLC v. Gray*, Case No. 08-2-04860, to collect the debt. *Gray* was filed on August 12, 2009, alleging that Defendants filed the state court lawsuit to collect a debt that was barred by the statute of limitations and then moved for unreasonable attorneys' fees.

Plaintiffs Eva Lauber, Dane Scott, Scott Bolen, and Joel Finch, like Ms. Gray, were obligated to pay a debt and failed to do so. They filed *Lauber* on November 10, 2010, alleging that Defendants filed state court lawsuits to collect debts which were based upon false, misleading,

---

[1] This case was initially assigned to Chief Judge Lonny Suko.

ORDER ~ 2

unfair, and deceptive affidavits.[2] In addition to those defendants named in the *Gray* case, the *Lauber* Plaintiffs also named Encore Capital Group, Inc. ("Encore"), which purchases and manages charged-off consumer portfolios, and MCMI, Midland Funding's servicer, as defendants.[3]

Plaintiffs in both cases seek damages on behalf of themselves and others similarly situated under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., Washington Consumer Protection Act (WCPA), RCW 19.86, et seq., and Washington Collection Agency Act (WCAA), RCW 19.16.

## II. DISCUSSION

Plaintiff Gray moves the Court to consolidate *Gray* and *Lauber* in the interest of judicial economy and to avoid unnecessary cost and delay. Both Suttell and Midland Funding oppose the motion, contending that consolidation will unnecessarily delay the proceedings, prejudice all defendants, and create new costs of litigating these cases.

This Court has broad discretion to consolidate under Rule 42(a) in the interests of judicial economy and convenience. *Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1203 (9th Cir. 2008) (citing *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). Under Federal Rule of Civil Procedure 42(a),

> If actions before the court involve a common question of law or fact, the court may:

---

[2] As of the date of this Order, the *Lauber* case has been served upon Defendants and attorney Brad Fisher has appeared on the Suttell Defendants' behalf, but no scheduling conference has been scheduled.

[3] Defendants Encore, Midlond Funding, and MCMI share the same address, employees, corporate governance, and software.

ORDER * 3

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The Court may also conduct separate trials of various issues within a single action. *Id*. at 42(b). In deciding whether to consolidate actions, the Court balances the savings to the judicial system against the possible inconvenience, delay, confusion, or prejudice it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

With those principles and arguments in mind, the Court consolidates these matters for all future proceedings. The factual and legal issues lend themselves to consolidation. Common questions of fact and law regarding Defendants' debt-collecting system underlie all claims, which, in both cases, are based on Defendants' allegedly unfair, deceptive, and misleading conduct and seek damages under the FDCPA, WCPA, and WCAA. And Plaintiff represents that both cases will involve the same witnesses. These similarities favor consolidation.

It is true that the *Gray* plaintiffs allege that Defendants filed state court actions outside the statute of limitations and then assessed unreasonable attorneys' fees, while *Lauber* relates to the alleged falsity of affidavits included in default and summary judgment packets. And while the classes overlap, they are not identically defined. Yet, the Court is satisfied that consolidation of these two matters will result in considerable savings to the judicial system: litigating the suits separately could result in unnecessary discovery duplication and inconsistent determinations of the same factual and legal issues.

The Court recognizes that these actions are in two different stages of litigation. Discovery in *Gray* is nearly complete and the class-certification and summary-judgment motions have been fully briefed, while *Lauber* is still in its infancy. Thus, **no later than January 14, 2011**, the parties shall meet and confer to 1) reschedule depositions that were stayed pending the Court's decision on Plaintiff's motion to consolidate (ECF No. 171) and 2) discuss this Order's effect on Plaintiff's motions to compel discovery (ECF Nos. 71, 75, 79, & 83), upon which the Court deferred ruling. The parties shall memorialize their attempt to meet-and-confer in a formal statement complying with Local Rule 37.1(b). This certification must specifically convey to the Court 1) the names of the parties who conferred or attempted to confer, 2) the manner by which they communicated, 3) the date and time the communication took place, 4) specific discovery disputes discussed, and 5) the matters upon which they have been unable to agree and still remain. LR 37.1(b); 7-37 Moore's Federal Practice - Civil § 37.05 (2008) (citing *Shuffle Master, Inc. v. Progressive Games*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Gray's Motion to Consolidate **(ECF No. 143)** is **GRANTED.**

2. **All future pleadings shall be filed under Case Number CV-09-251-EFS,** unless the Court later directs otherwise. **Case Number CV-10-5132-EFS** shall be administratively closed.

3. The parties shall meet and confer **no later than January 14, 2011**, to 1) reschedule depositions that were stayed pending the Court's decision on Plaintiff's motion to consolidate (ECF No. 171) and 2) discuss this Order's effect on Plaintiff's motions to compel discovery

ORDER * 5

(ECF Nos. 71, 75, 79, & 83), upon which the Court deferred ruling. The parties shall memorialize their attempt to meet-and-confer in a formal statement complying with Local Rule 37.1(b) and as set forth above.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 29th day of December 2010.

                       s/Edward F. Shea
                       EDWARD F. SHEA
                  United States District Judge

Q:\Civil\2009\251.Consolidate.wpd

ORDER * 6